CAROL E. SCHULTZE, Florida SBN 756083
Email: SchultzeC@sec.gov
Attorney for Plaintiff
Assistant Chief Litigation Counsel
Division of Enforcement
Securities and Exchange Commission
100 F. Street NE, Mail Stop 5628
Washington, DC 20549
Telephone: (202) 551-4958

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>*Plaintiff/Petitioner,*<br><br>v.<br><br>JOHN LEO VALENTINE<br><br>*Defendant/Respondent.* | Docket No.: |

**COMPLAINT TO REQUIRE JOHN LEO VALENTINE TO COMPLY WITH SECURITIES AND EXCHANGE COMMISSION ORDER**

The Plaintiff Securities and Exchange Commission (the "Commission") respectfully applies to the Court for a judgment pursuant to Section 15(b) of the Securities Exchange Act of 1940 ("Exchange Act") and Section 209(d) of the Investment Advisers Act of 1940 ("Advisers Act"), 15 U.S.C. § 80b-9(d) enforcing compliance by the Defendant John Leo Valentine ("Valentine") with a final Commission Order entered against him on October 20, 2016 (the "Commission Order"), directing Valentine to pay a civil money penalty of $140,000, plus outstanding interest pursuant to 31 U.S.C. § 3717, and injunctive relief within ten (10) days from the date of the Commission Order.

In support, the Commission states as follows:

## INTRODUCTION

1. The Commission seeks to enforce its Commission Order which found that Valentine had violated Section 15(b) of the Securities Exchange Act of 1940 ("Exchange Act") and Sections 203(f) and 203(k) of the Investment Advisors Act of 1940 ("Advisors Act").

2. Valentine has not complied with the Commission Order in that he has not paid the full amount of civil penalty, and interest thereon, imposed on him by the Commission Order. Valentine has not made any payment towards the $140,000.00 civil penalty assessed against him with additional interest accruing pursuant to 31 U.S.C. § 3717 (civil money penalty).

## PARTIES

3. The Commission is an agency of the United States Government. The Commission's principal office is located at 100 F Street, NE, Washington, DC 20549.

4. Valentine, age 59, is a resident of Pleasanton, California.

## JURISDICTION AND VENUE

5. This Court has jurisdiction under Sections 21(e)(1) and 27(a) of the Exchange Act, 15 U.S.C. §§ 78u(e)(1) and 78aa(a) and Section 209(d) of the Advisers Act and Section 42(d) of the Investment Company Act.

6. Venue lies in the Northern District of California under Section 214(a) of the Advisers Act and Section 44 of the Investment Company Act. Valentine is "found" or is an "inhabitant" of this District.

## STATEMENT OF RELEVANT FACTS

1. On October 20, 2016, the Commission, deeming it appropriate and in the public interest, instituted public administrative and cease-and-desist proceedings pursuant to Section 15(b) of the Securities Exchange Act of 1934 ("Exchange Act') and Sections 203(f) and 203(k) of the Investment Advisers Act of 1940 ("Advisers Act') against John Leo Valentine. Securities Exchange Act Rel. No. 79126, Investment Adv. Act. Rel. No. 4557, Admin Proc. File No. 3-17638 (October 20, 2016) (the "Order Instituting Proceedings"). A copy of the Order Instituting Proceedings is attached at Exhibit 1.

7. In anticipation of the institution of these proceedings Valentine submitted an Offer of Settlement, which the Commission determined to accept. In the Offer of Settlement Valentine consented to the entry of the Commission Order, without admitting or denying the findings therein, except as to the Commission's jurisdiction over him and the subject matter of the proceedings, which were admitted.

8. The Commission Order found that Valentine, the founder and former president of former registered investment adviser firm Valentine Capital Asset Management (VCAM) based in Northern California, failed to disclose a financial conflict of interest when making an investment recommendation and made other misleading statement to his advisory clients.[1]

9. According to the Commission Order, between late 2011 and 2012, Valentine recommended that his clients sell shares of a fund named Bridgeton Global

---

[1] The SEC previously charged Valentine and VCAM in 2010 for failing to fully and adequately disclose a material conflict of interest. VCAM has withdrawn its registration as an investment adviser with the SEC and has ceased all operations. AP 3-14072 9/29/2010

3

Directional Fund, LP and buy shares of another fund he created named Valt LP. However, Valentine failed to disclose that he had a financial incentive to make the recommendation because he had recently lost the ability to earn approximately $1 million per year in commission based on client investments in the Bridgeton fund, but would be compensated based on client investments in Valt.

10. The Commission Order further found the Valentine also misled his clients when he told them VCAM terminated its prior custodian after concluding a year-long independent review and determining that moving to a new custodian would benefit clients. But, in reality the prior custodian had terminated its relationship with VCAM due in part to concerns about the SEC's 2010 enforcement action against Valentine and VCAM.

11. The Commission Order also found that Valentine violated section 206(2) of the Investment Advisers Act of 1940.

12. Without admitting or denying the findings in the Commission Order, Valentine consented to the entry of a cease-and-desist order, to be barred from the securities industry with a right to reapply for reentry after two years, and to pay a $140,000 penalty.

13. In a summary disposition, the administrative law judge's initial decision issued on October 20, 2016, found that evidence supported the Commission's allegations and John Leo Valentine was ordered to pay a civil penalty of $140,000.

14. Valentine has not made any payments on the civil monetary penalty, as required by the Commission Order by October 30, 2016.

15. Valentine did not seek review of the Order, and the time to do so has expired.

## CLAIM FOR RELIEF

Section 209(d) of the Advisers Act, 15 U.S.C. § 80b-9(d), provides, in part:

> Whenever it shall appear to the Commission that any person has engaged, is engaging, or is about to engage in any act or practice constituting a violation of ... any ... order hereunder, ... it may in its discretion bring an action in the proper district court of the United States, ... to enforce compliance with ... any ... order hereunder.

The Commission may bring such a proceeding to compel compliance with an order it has entered. *Fiero v. FinanczalIndustry KegulatoryAuthority, Inc.*, 660 F.3d 569, 575 (2d Cir. 2011); *SEC v. Vittor*, 323 F.3d 930, 935 (11tht Cir. 2003), *citing Lang v. French*, 154 F.3d 217 (5th Cir. 1998).

In such proceedings Valentine may not challenge the validity of the order the Commission seeks to enforce in such proceedings. *SEC v. Gerasimowicz*, 9 F. Supp.3d 378, 381 (S.D.N.Y. 2014); *SEC v. Pinchas*, 421 F. Supp.2d 781, 783 (S.D.N.Y. 2006). "By the time a § 21(e)(1) [the provision relating to the Exchange Act] application is filed by the Commission, the time and opportunity for adjudicating the merits of the claim have been exhausted; all that is left to do is enforce the order." *SEC v. McCarthy*, 322 F.3d 650, 658 (9th Cir. 2003).

WHEREFORE, the Commission respectfully requests that the Court enter a judgment

### I.

Enforcing the Commission Order as to Valentine.

### II.

Entering a Judgment requiring:

a. Valentine to pay a civil money penalty of $140,000, plus outstanding interest pursuant to 31 U.S.C. § 3717 and postjudgment interest pursuant to 28 U.S.C. § 1961 and injunctive relief within 30 days from the date of the Order; and

b. the Injunctive Relief set forth in the Order.

### III.

That the Court order such relief as may be necessary for enforcement of any order of this Court as to the civil monetary penalty pursuant to the Federal Debt Collection Procedures Act, 28 U.S.C. §§ 3001 – 3308.

### IV.

That the Court retain jurisdiction as appropriate to assure and effect compliance with the orders entered herein.

### V.

That the Court order such other and further relief as may be just and proper.

Dated: June 30, 2020

Respectfully submitted,

_____
CAROL E. SCHULTZE
Assistant Chief Litigation Counsel
Division of Enforcement
United States Securities and Exchange Commission
100 F Street, NE
Mail Stop 5628
Washington, DC 20549-0022
schultzec@SEC.gov
Telephone: 202-551-4958
Attorney for Plaintiff/Judgment Creditor