UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION<br><br>Plaintiff,<br><br>v.<br><br>JOHN LEO VALENTINE,<br><br>Defendant. | Case No. 20-cv-04358-LB<br><br>**ORDER GRANTING THE PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT**<br><br>Re: ECF No. 19 |

## INTRODUCTION

In administrative proceedings before the United States Securities and Exchange Commission, the defendant John Valentine — an investment adviser — consented on October 20, 2016 to the entry of a cease-and-desist order (the "Commission Order") that included a bar from the securities industry for two years and a civil monetary penalty of $140,000 plus interest. He never made any payments. The Commission sued to enforce the Commission Order under Section 15(b) of the Securities and Exchange Act of 1940 and Section 209(d) of the Investment Advisers Act of 1940.[1] Both parties consented to magistrate-judge jurisdiction, Mr. Valentine waived service, and he did not thereafter answer the complaint or otherwise defend the action.[2] At the Commission's request,

---

[1] Compl. – ECF No. 1. Citations refer to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of documents.

[2] Consents – ECF Nos. 6, 9; Waivers of Service – ECF Nos. 8, 12.

ORDER – No. 20-cv-04358-LB

the Clerk of the Court entered default against Mr. Valentine, and the Commission moved for default judgment.[3] The court grants the motion and enters default judgment in the form proposed by the Commission.

## STATEMENT

The Commission Order found that Mr. Valentine — the founder and former president of a former registered-investment-adviser firm called Valentine Capital Asset Management — failed to disclose a financial conflict of interest to his clients when he made an investment recommendation to them. In short, he had a personal financial incentive to make the recommendation. He also misled them by telling them that he had terminated Valentine Capital's prior custodian when in fact, the custodian terminated the relationship in part due to its concern about the Commission's enforcement action against Mr. Valentine.[4]

The Commission instituted the cease-and-desist proceedings against Mr. Valentine under Section 15(b) of the Exchange Act and Sections 203(f) and 203(k) of the Advisers Act. In anticipation of those proceedings, Mr. Valentine submitted an offer of settlement, which the Commission accepted. In the offer of settlement, he consented to the entry of the Commission Order — providing for a $140,000 civil penalty, interest under 31 U.S.C. § 3717, and a two-year bar from the securities industry with a right to reapply — without admitting or denying its findings. The Commission issued the Commission Order on October 20, 2016.[5] Mr. Valentine did not seek review of the Commission Order, and the time to do so has expired. Mr. Valentine did not make any payments.[6]

The Commission then filed this lawsuit to enforce the Commission Order.[7] Mr. Valentine executed a waiver of service, and his answer was due on November 19, 2020.[8] Both parties

---

[3] Entry of Default – ECF No. 18; Mot. – ECF No. 19.

[4] Compl. – ECF No. 1 at 4 (¶¶ 8–10).

[5] *Id*. (¶¶ 11–15).

[6] *Id*. at 3–4 (¶¶ 1–15); Schultze Decl. – ECF No. 19-2 at 2 (¶¶ 5–6).

[7] Compl. – ECF No. 1.

[8] Waiver of Service – ECF No. 12.

ORDER – No. 20-cv-04358-LB                          2

consented to magistrate-judge jurisdiction.[9] Mr. Valentine did not answer the complaint. At the Commission's request, the Clerk of Court entered Mr. Valentine's default on December 1, 2020.[10] The Commission moved for default judgment and served Mr. Valentine.[11] The court held a hearing on January 14, 2021. Mr. Valentine did not appear.

## ANALYSIS

### 1. Jurisdiction and Adequacy of Service

Before entering default judgment, a court must determine whether it has subject-matter jurisdiction over the action and personal jurisdiction over the defendant. *In re Tuli*, 172 F.3d 707, 712 (9th Cir. 1999). A court must also ensure the adequacy of service on the defendant. *Timbuktu Educ. v. Alkaraween Islamic Bookstore,* No. C 06–03025 JSW, 2007 WL 1544790, at *2 (N.D. Cal. May 25, 2007).

The court has jurisdiction under Sections 21(e)(1) and 27(a) of the Exchange Act, 15 U.S.C. §§ 78u(e)(1) and 78aa(a), and Section 209(d) of the Advisers Act, 15 U.S.C. §§ 80b-1–80b-21, and Section 42(d) of the Investment Company Act, 15 U.S.C. §§ 80a-1–80a-64. Venue is in the Northern District of California under section 214(a) of the Advisers Act, 15 U.S.C. § 80b-1–80b-21, and Section 44 of the Investment Company Act, 15 U.S.C. § §§ 80a-1–80a-64, because Mr. Valentine is "found" or is an "inhabitant" here. The court has personal jurisdiction because Mr. Valentine lives here.[12] He waived service. Fed. R. Civ. P. 4(d)(1), (4).

### 2. Default-Judgment Analysis

Under Federal Rule of Civil Procedure 55(b)(2), a plaintiff may apply to the district court for — and the court may grant — a default judgment against a defendant who has failed to plead or

---

[9] Consent Forms – ECF Nos. 6, 9. Mr. Valentine is representing himself. The SEC filed his waiver of service and his consent to magistrate-judge jurisdiction.

[10] Mot. – ECF No. 17; Entry of Default – ECF No. 18.

[11] Mot. – ECF No. 19; Certificate of Service – ECF No. 19-1.

[12] Compl. – ECF No 1 at 2 (¶ 4).

ORDER – No. 20-cv-04358-LB          3

otherwise defend an action. After entry of default, well-pleaded allegations in the complaint regarding liability and entry of default are taken as true, except as to damages. *Fair Hous. of Marin v. Combs*, 285 F.3d 899, 906 (9th Cir. 2002); *TeleVideo Sys., Inc. v. Heidenthal,* 826 F.2d 915, 917–18 (9th Cir. 1987). The court need not make detailed findings of fact. *Combs,* 285 F.3d at 906. "A default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Fed. R. Civ. P. 54(c).

"A defendant's default does not automatically entitle the plaintiff to a court-ordered judgment." *Pepsico, Inc. v. Cal. Sec. Cans,* 238 F. Supp. 2d 1172, 1174 (C.D. Cal. 2002). The decision to grant or deny a default judgment lies within the court's discretion. *Draper v. Coombs,* 792 F.2d 915, 924–25 (9th Cir. 1986).

In deciding whether to enter a default judgment, the court considers: "(1) the possibility of prejudice to the plaintiff, (2) the merits of the plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action[,] (5) the possibility of a dispute concerning material facts[,] (6) whether the default was due to excusable neglect[,] and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits." *Eitel v. McCool,* 782 F.2d 1470, 1471–72 (9th Cir. 1986). "Of all the *Eitel* factors, courts often consider the second and third factors to be the most important." *Mohanna v. Bank of Am., N.A.,* No. 16-cv-01033-HSG, 2017 WL 976015, at *3 (N.D. Cal. Mar. 14, 2017) (internal quotation marks omitted) (citing cases).

The *Eitel* factors favor entry of default judgment against the defaulting defendant.

**2.1    Possibility of Prejudice to the Plaintiff (First *Eitel* Factor)**

The first *Eitel* factor considers whether the plaintiff will suffer prejudice if default judgment is not entered, and whether such potential prejudice to the plaintiff weighs in favor of granting default judgment. *Eitel,* 782 F.2d at 1471; *Craigslist, Inc. v. Naturemarket, Inc.,* 694 F. Supp. 2d 1039, 1054–55 (N.D. Cal. 2010). This factor weighs in favor of granting default judgment because the Commission has no recourse otherwise. *Cf. SEC v. Lowrance*, No. 11-cv-03451-EJD, 2012 WL 2599127, at *3 (N.D. Cal. July 5, 2012) (finding prejudice because, where "Defendants have

elected not to take part in the litigation, the SEC will be unable to fulfill its mandate to enforce securities laws and to obtain injunctive relief if default judgment is not granted").

## 2.2 The Merits and Sufficiency of the Claims (Second and Third *Eitel* Factors)

The second and third *Eitel* factors consider the merits of the claim and the sufficiency of the complaint. *Eitel*, 782 F.2d at 1471. "The Ninth Circuit has suggested that [these factors] require that plaintiffs' allegations 'state a claim on which the [plaintiffs] may recover.'" *Kloepping v. Fireman's Fund,* No. C 94-2684 TEH, 1996 WL 75314, at *2 (N.D. Cal. Feb. 13, 1996) (quoting *Danning v. Lavine*, 572 F.2d 1386, 1388 (9th Cir. 1978)).

The second and third factors favor granting default judgment.

The Commission seeks enforcement of the Commission Order. It has the authority to do so under Section 209(d) of the Advisers Act, 15 U.S.C. § 80b-9(b):

> Whenever it shall appear to the Commission that any person has engaged, is engaging, or is about to engage in any act or practice constituting a violation of . . . any . . . order hereunder, . . . it may in its discretion bring an action in the proper district court of the United States, . . . to enforce compliance with . . . any . . . order hereunder.

Mr. Valentine may not challenge the validity of the order: all that is left to do is to enforce the order. *Cf. SEC v. McCarthy*, 322 F.3d 650, 658 (9th Cir. 2003) (it would be "redundant" to litigate the substantive issues of an SEC enforcement action in district court; "the time for adjudicating the merits of the claim have been exhausted; all that is left to do is enforce the order.").

## 2.3 The Sum of Money at Stake (Fourth *Eitel* Factor)

The fourth *Eitel* factor considers the amount of money at stake in the litigation. *Eitel*, 782 F.2d at 1471. Here, the Commission seeks to enforce the Commission Order directing Mr. Valentine to pay a civil money penalty of $140,000 and interest under 31 U.S.C. § 3717 (until the entry of judgment, and injunctive relief.[13] This factor weighs in favor of granting default judgment.

## 2.4 Factual Dispute or Excusable Neglect (Fifth and Sixth *Eitel* Factors)

The fifth and sixth *Eitel* factors consider the potential of factual disputes and whether a defendant's failure to respond likely was due to excusable neglect. *Eitel*, 782 F.2d at 1471–72.

---

[13] Compl. – ECF No. 1 at 5–6 (Prayer for Relief).

1   Here, nothing suggests a factual dispute or excusable neglect: Mr. Valentine consented to the
2   Commission Order, waived service, consented to this court's jurisdiction, and had notice of all
3   proceedings and an opportunity to object.[14] These factors weigh in favor of granting default
4   judgment.

### 2.5   Policy Favoring Decisions on the Merits (Seventh *Eitel* Factor)

The seventh *Eitel* factor is the strong policy favoring decisions on the merits. Although default judgment is disfavored, "[t]he very fact that F.R.C.P. 55(b) exists shows that this preference, standing alone, is not dispositive." *Kloepping,* 1996 WL 75314 at *3. "While the Federal Rules do favor decisions on the merits, they also frequently permit termination of cases before the court reaches the merits[,] . . . [as] when a party fails to defend against an action[.]" *Id.* Mr. Valentine failed to participate in the lawsuit, and a decision on the merits is impossible.

*   *   *

In sum, the *Eitel* factors weigh in favor of entering default judgment. The next section addresses the scope of relief.

### 3.   Relief Sought

The plaintiff seeks payment of a civil money penalty of $140,000, outstanding interest, post-judgment interest, and injunctive relief.[15] The Commission already adjudicated the merits of its claims against Mr. Valentine and set the damages and injunctive relief. The Commission Order and the complaint gave notice to Mr. Valentine. The Commission also proved its damages — in the form of Mr. Valentine's failure to make a payment — through its declaration in support of the default judgment.[16] It is entitled to accrued interest under 31 U.S.C. § 3717(a)(1) through the date of judgment and post-judgment interest thereafter under 28 U.S.C. § 1961(a). It is entitled to entry of judgment on the injunctive relief in the Commission Order (as set forth in the next section).

---

[14] Waivers of Service – ECF No. 8; ECF No. 12; Certificate of Service – ECF No. 19-1.
[15] Compl. – ECF No. 1 at 5–6 (Prayer for Relief).
[16] Schultze Decl. – ECF No. 19-2.

United States District Court
Northern District of California

# CONCLUSION

The court grants the Commission's motion for default judgment and enters default judgment against the defendant John Leo Valentine as follows.

## 1. Monetary Penalty

The defendant must pay a civil monetary penalty of $140,000 plus interest under 31 U.S.C. § 3717 through entry of judgment and post-judgment interest under 28 U.S.C.§ 1961.

The defendant must make payment in one of the following ways:

(1) He may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request;

(2) He may make direct payment from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm; or

(3) He may pay by certified check, bank cashier's check, or United States postal money order, made payable to the Securities and Exchange Commission and hand-delivered or mailed to:

> Enterprise Services Center
> Accounts Receivable Branch
> HQ Bldg., Room 181, AMZ-341
> 6500 South MacArthur Boulevard
> Oklahoma City, OK 73169

Payments by check or money order must be accompanied by a cover letter identifying the defendant in this action making the payment, and the name of this Court and the docket number of this action. A copy of the cover letter and check or money order must be sent to Carol E. Schultze, Securities and Exchange Commission, 100 F Street, NE, Mail stop 5628, Washington, DC 20549-5628 or via email at schultzec@sec.gov

## 2. Injunctive Relief

The defendant:

(1) must cease and desist from committing or causing any violations and any future violations of Sections 206(2) of the Advisers Act;

(2) is barred from association with any broker, dealer, investment advisor, municipal securities dealer, municipal advisor, transfer agent, or nationally recognized statistical rating organization until he has applied and been granted a right of reentry from the appropriate self-regulatory agency, or if there is none, to the Commission; and

(3) is barred from participating in any offering of a penny stock, including: acting as a promotor, finder, consultant, agent or other person who engages in activities with a broker, dealer or issuer for purposes of the issuance or trading in any penny stock, or inducing or attempting to induce the purchase or sale of any penny stock until he has applied for and been granted a right of reentry from the appropriate self-regulatory agency, or if there is none, to the Commission.

## 3. Other Relief

The court, subject to the foregoing, may order such relief as may be necessary for enforcement of any order of this court as to the civil monetary penalty pursuant to the Federal Debt Collection Procedures Act, 28 U.S.C § 3001–3308.

## 4. Retention of Jurisdiction

The court retains jurisdiction to enforce the terms of this judgment.

**IT IS SO ORDERED.**

Dated: January 14, 2021

_____

LAUREL BEELER
United States Magistrate Judge